**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RODNEY T. FISHER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 12-CV-438-GKF-TLW |
| ) | |
| TRACY McCOLLUM, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On August 2, 2012, Petitioner, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). After being denied leave to proceed *in forma pauperis*, see Dkt. # 3, he paid the $5.00 filing fee. In his petition, Petitioner challenges the constitutionality of his convictions and sentences entered in Tulsa County District Court, Case Nos. CRF-86-4138, CRF-86-4160, CRF-86-4184. For the reasons discussed below, the Court finds that Petitioner's claims challenging the convictions entered in Case No. CRF-86-4138 shall be dismissed without prejudice for lack of jurisdiction as second or successive claims filed without prior authorization from the Tenth Circuit Court of Appeals. Petitioner's claims challenging the convictions entered in CRF-86-4160 and CRF-86-4184 shall be dismissed with prejudice as time barred by the one-year statute of limitations.

**A. Petitioner's claims**

In his petition for writ of habeas corpus (Dkt. # 1), Petitioner identifies two (2) grounds for relief. First, he alleges that, after he was arrested on Case No. CRF-86-4050, a case not challenged in this petition, the robbery victim was brought to the area where he was detained and told police that "she never saw me before and I was not the Robber." See Dkt. # 1. Based on that allegation, Petitioner jumps to the conclusion that the trial court lacked jurisdiction over criminal charges filed

in other cases for which he was prosecuted, including Case No. CRF-86-4138 and the other cases identified in this petition. Petitioner also claims that he "only became aware of this jurisdictional issue in 2012, and learned that jurisdiction cannot be waived and attached at any time." Id. In ground two, Petitioner asserts that his arrest was illegal in violation of the Fourth Amendment because police lacked probable cause. Id.

**B. Challenge to convictions in CRF-86-4138 is a second or successive habeas petition**

Petitioner has in the past filed another habeas corpus action in this Court, N.D. Okla. Case No. 91-C-986-B, challenging the conviction entered in CRF-86-4138, one of the Tulsa County criminal cases challenged in this petition. In the prior habeas case, the Court denied the petition on May 19, 1992. In denying habeas relief, the Court substantively addressed federal grounds for setting aside Petitioner's state conviction. Petitioner appealed to the Tenth Circuit Court of Appeals. On September 29, 1992, the appellate court affirmed the denial of Petitioner's habeas corpus petition. See Fisher v. Cowley, 1992 WL 252418 (10th Cir. Sept. 29, 1992) (unpublished) (attaching district court order referencing only Tulsa County District Court, Case No. CRF-86-4138).

Because the Court has previously determined, in N.D. Okla. Case No. 91-C-986-B, the legality of Petitioner's detention as to his convictions entered in CRF-86-4138, the petition filed in this case is Petitioner's second habeas petition as to those convictions and he was required to obtain authorization from the Tenth Circuit Court of Appeals before filing this petition. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Nothing suggests that Petitioner received authorization from the Tenth Circuit before filing his petition in this Court. See 28 U.S.C. § 2244(b)(3)(A).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court

may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). In this case, the Court finds it is not in the interest of justice to transfer the petition filed in this Court to the Tenth Circuit. Petitioner's claims patently lack merit and are undoubtedly time barred. See 28 U.S.C. § 2244(d).  Therefore, Petitioner's claims challenging his convictions entered in CRF-86-4138 shall be dismissed without prejudice for lack of jurisdiction. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition in this Court. **C. Challenges to convictions in CRF-86-4160 and CRF-86-4184 are time barred**

This is Petitioner's first habeas petition challenging his convictions entered in Tulsa County District Court, Case Nos. CRF-86-4160 and CRF-86-4184. However, his claims as to those convictions are time barred. Petitioner's convictions became final long before enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). Prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). Petitioner had to file his habeas petition within one year of the enactment of AEDPA, or on or before April 25, 1997, in order to be timely. That deadline passed more than fifteen (15) years ago.

Petitioner makes the conclusory allegation that he did not learn of his "jurisdictional claim" until 2012.  Under 28 U.S.C. 2244(d)(1)(D), the one year limitations period may begin to run on "the date on which the *factual predicate* of the claim . . . could have been discovered through the exercise of due diligence." § 2244(d)(1)(D) (emphasis added).  In this case, however, the factual predicate

of Petitioner's first claim arose at the time of his arrest in 1986, not in 2012. Knowledge of the legal significance of facts does not trigger application of § 2244(d)(1)(D). See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts"); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance."). Therefore, § 2244(d)(1)(D) does not apply to make this petition timely.

Petitioner also states that he filed multiple post-conviction proceedings and a habeas corpus petition in the state courts. However, the first application identified by Petitioner was filed June 29, 2000, or long after the one year limitations period expired. All of the post-conviction and habeas corpus proceedings identified by Petitioner were filed well after expiration of the one-year period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, the limitations period was not tolled under 28 U.S.C. § 2244(d)(2).

Lastly, the statute of limitations contained in § 2244(d) may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. Petitioner is not entitled to equitable tolling in this case. Petitioner did not exercise diligence in pursuing the claims identified in this petition. All of the "facts" asserted by Petitioner in support of his claims occurred at the time of his arrest, or approximately twenty-six (26) years ago. See Dkt. # 1. The reason for Petitioner's belated challenge

4

to his 1986 convictions is found on page 10 of his petition. There, Petitioner explains that in Pittsburg County District Court, Case No. CF-2004-265, he was convicted of Escape and sentenced to life imprisonment. He asserts that if his Tulsa County convictions are overturned, his life sentence will be "nunc pro tunc" modified to two (2) years. It appears that Petitioner did not begin to pursue his claims until after being sentenced to life in the 2004 Pittsburg County case. That explanation is insufficient to excuse the lack of diligence demonstrated by these facts. As a result, the Court finds Petitioner is not entitled to equitable tolling of the limitations period. See Miller, 141 F.3d at 978.

The Court concludes that the claims challenging convictions entered in CRF-86-4160 and CRF-86-4184 are time barred. For that reason, those claims shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED that**:

1. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed** as follows:

   a. Claims challenging convictions entered in Tulsa County District Court, Case No. CRF-86-4130, are **dismissed without prejudice** for lack of jurisdiction as second or successive habeas claims filed without prior authorization from the Tenth Circuit Court of Appeals. Should Petitioner obtain authorization from the Tenth Circuit, he may refile his petition.

   b. Claims challenging convictions entered in Tulsa County District Court, Case Nos. CRF-86-4160 and CRF-86-4184 are **dismissed with prejudice** as time barred.

2. A certificate of appealability is **denied**.

3. A separate judgment shall be entered in this matter.

DATED THIS 24th day of August, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

6